Adopted February 3, 1891.

---

## Austin & Northwestern Railway Company v. John Anderson.
### No. 6751.

1.  **Nuisance—Limitation.**—Where a nuisance is permanent and continuing the damages resulting from it should all be litigated in one suit, but when it is not permanent, but depends upon accidents and contingencies so that it is of a transient character, successive actions may be brought for injury as it occurs; and an action for such injury would not be barred by the statute of limitations unless the full period of the statute had run against the special injury before the suit.

2.  **Same—Embankment and Culvert in Railway Track.**—An embankment and culvert upon the right of way, although defectively built, do not constitute a nuisance. They may become a nuisance by diverting water from rainfall from its usual flow. · Each particular overflow causing injury would be a cause of action, and barred by limitation running from its date.

3.  **Culverts in Railway Track.**—Article 4171, Revised Statutes, prescribes that "in no case shall any railroad company construct a road bed without first constructing the necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof." This rule should be applied to cases under it and enforced by the courts.

4.  **Charge Approved.** — See charge in an action for damages from overflowing water caused by defective culvert in a railway embankment approved as guarding every right of the defendant.

5.  **Charge Properly Refused.** — The court properly refused to charge the jury that "if the road bed was constructed so as to let the water pass with as little injury to plaintiff as could be practically done without making the road insecure, then the defendant company would not be liable for injury from water action after it left the right of way." This is not the law.

6.  **Same.** — The general charge being full and carefully protecting the defendant, it was not error to refuse charges calling attention to isolated parts of testimony as affecting the amount of recovery.

Appeal from Travis.   Tried below before Hon. W. M. Key.

This is a suit brought by the appellee, John Anderson, in the District Court of Travis County, Texas, against the appellant, the Austin & Northwestern Railroad Company, for damage to his farm and crops by

improper construction of appellant's road bed near to his land, thereby obstructing the flow of surface water falling east of its road and forcing same through a sluice on to the lands of the appellee.

Appellant answered by general demurrer and special exception, setting up the statute of limitation of two years, general denial, special denial of improper construction or negligence in building or maintaining its road bed, and the statute of limitation of two years.

The case was tried by a jury at the October Term, 1888, resulting in verdict and judgment for plaintiff (appellee) for $650 damages. Motion for new trial made and overruled; notice of appeal given.

The charge of the court, omitting only the preliminary statement of the issues, is as follows:

"1. The burden of proof rests upon the plaintiff to establish the facts necessary to entitle him to recover to the satisfaction of the jury; and the issues submitted to you are to be decided according to the preponderance of the testimony.

"2. You are the exclusive judges of the facts proven, the credibility of the witnesses, and the weight to be given to the testimony.

"3. The defendant had a right to build its road bed where it did, and if necessary to its proper construction and use to throw up the embankment shown to have been made; but in so doing it was required by law to construct all the necessary culverts and sluices required by the natural lay of the land to prevent surface water from being diverted from its natural and usual course and thrown upon land where it would not otherwise have gone.

"4. If you find from the testimony that the defendant in constructing its road bed threw up an embankment near the plaintiff's said 24 acres of land and put one or more culverts under said road, and that during ordinary rains at any time between the 22d day of September, 1886, and the 22d day of September, 1888, said embankment and culverts diverted surface water from its natural and usual course and caused it to flow over and upon plaintiff's said land and thereby permanently injured said land, then you will find for plaintiff the amount of such injury, which will be the difference between the market value of said land immediately before and immediately after the injury; and if you find more than one such injury between said dates, then the difference in such value immediately before the first and immediately after the last injury. But you can not allow him for any such injury as may have been caused by rains before the 22d day of September, 1886, nor for such injury, if any, as would have resulted to said land if said embankment and culvert had not been built, by reason of the natural flow, if any, of water that would have been on said land.

"5. And if you find that defendant constructed said embankment and culverts, and that between said 22d day of September, 1886, and the

22d day of September, 1888, during ordinary rains, surface water was thereby diverted from its usual and ordinary course and caused to flow over and upon plaintiff's said land, and destroyed or injured plaintiff's crop or crops of corn or cotton, if any he had growing thereon, then you will find for plaintiff the reasonable value of the crop so destroyed, if any was destroyed, at the time and place of its destruction; and such further sum as will fairly compensate him for the injury, if any, thereby caused to any of said crops not destroyed; allowing for only such injury as was caused by said embankment and culvert causing water to flow on said land which otherwise would not have flowed there.

"6.  If you find that plaintiff's said land, within the time hereinbefore stated, was permanently injured, or any of his crops within said time destroyed or injured by water flowing thereon, and said embankment and culverts on defendant's road bed, by diverting water from its natural and usual course contributed to such damage, destruction, or injury, but that the same was caused in part by water falling and running on said land regardless of said embankment and culverts, then defendant would be liable for only such proportion of said injury as was caused by said embankment, and if you so find, and find for plaintiff, you will allow damages herein for only that proportion of the damage occasioned by said embankment and culverts.

"7.  If you find that said embankment and culverts diverted surface water from its natural and usual course and caused the same to flow over and upon plaintiff's said land, and injured his land and destroyed or injured any of his crops, and you further find that by the exercise of proper care and diligence the plaintiff could at a moderate and reasonable expense have prevented such destruction or injury to his property, and that he failed so to do, then he can not recover any greater sum than would have been the reasonable and fair cost of preventing such injury."

Other facts are set out in opinion.

*Fisher & Townes,* for appellant.— 1. The damage occasioned by the erection of a structure permanent in its nature, causing permanent injury to the freehold of adjacent proprietors, is "original" in its character and must be computed *in solido,* the measure being the difference in value of the land before and after the erection of the structure, the cause of action in legal contemplation accruing at that date.  Powers v. Council Bluffs, 45 Ia., 652; Stodghill v. Railway, 5 N. W. Rep., 495; Railway v. Loeb, 8 N. E. Rep., 461; Railway v. McAuley, 11 N. E. Rep., 317; Bizer v. O. H. Co., 30 N. W. Rep., 173; Baldwin v. O. G. Co., 10 N. W. Rep., 173; Drake v. Railway, 19 N. W. Rep., 217; Gould on Waters, sec. 412, *et seq.,* and notes; Wood on Lim., sec. 180, *et seq.,* and notes.

2.  The court erred in its general charge in stating the period of limitation, in this, that the charge permits a recovery for any injury occurring

subsequent to the 22d of September, 1886, without reference to whether the road bed was properly or improperly constructed, more than two years before the bringing of this suit; whereas the true rule is that if the road bed was properly constructed and so as to occasion as little injury as would be done by any practicable method that could have been adopted, then the said road bed was permanent in its nature, and damage which would result therefrom in the usual and natural course of events would be in law permanent and recoverable *in solido* upon the construction of the road, and the same would therefore be barred after two years from the date of construction. Railway v. Chaffin, 60 Texas, 553.

3. When the allegations in the petition show the cause of action to be barred the defense of limitation may be interposed by special demurrer, and it is error to overrule the same. Hopkins v. Wright, 17 Texas, 32; Smith v. Fly, 24 Texas, 354.

4. The court in the third section of its charge as given to the jury, in stating that the law required appellant so to construct its road bed as not to divert the surface water at all from its natural course nor throw it in any measure on land where it otherwise would not have gone, required of appellant a physical impossibility, as any character of road bed must necessarily divert the surface water to some extent and throw it in some measure on land where it would not otherwise have gone.

5. Article 4171 of the Revised Statutes, on which the charge is presumably based, is not susceptible of literal construction. Culverts and sluices can not be built before the road bed is constructed. The spirit and evident intent of the statue should control. This evident intent was to declare by statute the rule established by the weight of authority as to the duty of the companies in building their roads, to-wit, that in constructing its road bed (which under the law it had the right to do in some practicable manner) the railroad company shall use due care to protect the property and rights of others, and must so exercise its own rights as to do the least injury to others practically consistent with reasonable efficiency in the construction and maintenace of its road. Railway v. Brown, 14 Neb., 170; Millen v. Railway, 4 Gray, 301; West v. Railway, 8 Bush, 404; Mills v. Railway, 13 S. C., 97; Van Orsdal v. Railway, 56 Ia., 470; Wicks v. Wilbraham, 77 Mass., 143.

6. A trespasser is responsible only for the wrongful acts of himself, or some one acting with him with a common design. If appellant wrongfully diverted surface water from its accustomed and natural courses and threw same on to the land of appellee, and he (the appellee) then obstructed its natural passage by which it would have passed off from his land, and by his own act or omission detained it on his premises and so caused it to flow over portions of his land which it would not have reached but for his own act or omission, appellant is not legally responsible for injury done by the water after being thus detained and diverted by appellee.

*E. T. Moore* and *Milton White,* for appellee.— 1. A railway company has a right to build its road bed along its right of way and can not be interfered with by the owner of adjacent land until on account of such construction injury is done to the estate or the property of such adjacent owner. Until injury is actually suffered in legal contemplation no injury is done; and when injury is done to land or crops the measure of damages is the difference between the cash value at the time immediately preceding and immediately after the injury, with legal interest. Rev. Stats., art. 3203; Railway v. Schofield, 72 Texas, 496; Wait's Act. and Def., 733; Whit. Smith on Neg., p. 8, and note.

2. Railway companies are required to construct all necessary culverts or sluices as the natural lay of the land requires for the necessary drainage thereof, and in case of failure so to do they are responsible for all damages to lands or crops occasioned by their negligence. Rev. Stats., art. 4171.

3. Appellant had a right to build its road bed where it did, and if necessary to its proper construction and use to throw up the embankment shown to have been made; but in so doing it was required by law to construct all the necessary culverts and sluices required by the natural lay of the land to prevent surface water from being diverted from its natural and usual course and thrown upon land where it would not otherwise have gone. And if appellant in constructing its road bed threw up an embankment near appellee's land and put one or more culverts under said road, and during ordinary rains between the 22d of September, 1886, and the 22d of September, 1888, said embankments and culverts diverted surface water from its natural and usual course and caused it to overflow upon appellee's said land, thereby permanently injuring said land, then appellant is responsible for the difference between the market value of the same immediately before and immediately after said injury. But appellant would not be responsible for injury caused by rains before the 22d of September, 1886, nor for such injury as would have resulted to said land by reason of the natural flow of the water if said embankment and culvert had not been built. Rev. Stats., art. 4171; Railway v. Helsley, 62 Texas, 593; Railway v. Pomeroy, 67 Texas, 498; Railway v. Schofield, 72 Texas, 496; Railway v. Joachimi, 58 Texas, 456.

COLLARD, JUDGE.—This action was brought against the appellant September 22, 1888, for damages for so constructing its road bed and culverts in 1881 as to change the natural flow of surface water from ordinary rains, cause it to be collected in large quantities, and to be carried in large volumes down to and through certain culverts upon plaintiff's land, submerging it, washing away the soil, remaining on it for long periods of time, and rendering it wholly unfit and worthless for agricultural or other purposes. It is alleged that the injury was done in 1886, 1887, and 1888; that in

October, 1886, a cotton crop was so destroyed, and in 1887 and 1888 cotton and corn crops were destroyed by having water from ordinary rains so carried upon the land.

Defendant contends that all the damages are barred by the two years statute of limitations, because they are alleged to proceed from the improper construction of the road bed and culverts built more than two years before the suit was brought.

The point is presented here by several assignments of error complaining of the ruling of the court in refusing to sustain special exceptions of defendant to the petition, giving charges, and refusing charges.

The law as applied by the court below allowed plaintiff to recover for all injury occurring within two years prior to the institution of the suit, and no more. The question is, when did the cause of action accrue, at the time of the erection of the embankment and culverts or at the date of the injury?

Chief Justice Stayton, in the case of Water Works v. Kennedy, 70 Texas, 233, discusses the question and gives us a rule. He says: "When the act is in itself lawful as to the person who bases an action on injuries subsequently accruing and consequent upon the act, it is held that the cause of action does not accrue until the injury is sustained. * * * If, however, the act of which the injury was the natural sequence was a legal injury, by which is meant an injury giving cause of action by reason of its being an invasion of plaintiff's right, then be the damage however slight, limitation will run from the time the wrongful act was committed and will bar an action for any damage resulting from the act, although these may not have been fully developed until within a period less than necessary to complete the bar."

In that case the action was for damages resulting to a building caused by weakening an arch in placing water pipes in the house. It was held that the plaintiff could have maintained an action at once when the arch was weakened, and having failed to do so for more than two years the action was barred. The weakening of the arch was an immediate injury—an immediate invasion of the rights of the plaintiff.

In Powers v. City, 45 Iowa, 652, where an action was brought for injury to plaintiff's land by reason of a ditch dug by the city to carry a running stream of water along the side of the street, the constant action of the water causing the injury to the plaintiff's land, it was held that no suit could be maintained until some actual injury to plaintiff was caused by the action of the water resulting from the improper construction of the ditch; but the injury began, the premises began to be injured at a time when it was barred before suit; it was of a permanent and continuous character, and it was held that the damage was original and could have been compensated at the time it first began, the action of the water being a permanent and calculable force. The case distinguishes between

a continuing and permanent nuisance and one that depends on contingencies, such as freshets and other forces that are incalculable.

Wood says (Wood on Limitation, 371) the rule in reference to acts amounting to a nuisance is that "Every continuance is a new nuisance for which a fresh action will lie, so that although an action for the damage from the original nuisance may be barred, damages are recoverable for the six years preceding the beginning of the action. * . * * But while this is the rule as to nuisances of a transient character, yet when the original nuisance is of a permanent character, so that the damage inflicted thereby is of a permanent character and goes to the entire destruction of the estate affected thereby, a recovery not only may but must be had for the entire damage in one action."

We conclude from the authorities that where a nuisance is permanent and continuing the damages resulting from it should all be estimated in one suit; but where it is not permanent, but depends on accidents and contingences, so that it is of a transient character, successive actions may be brought for injury as it occurs, and that an action for such injury would not be barred by the statute of limitation unless the full period of the statute had run against the special injury before suit. The building of the embankment and the culverts as alleged was not of itself a nuisance; it was no invasion of plaintiff's rights—they were not put on his land. They become a nuisance only at intervals by diverting water from rainfalls from its usual flow upon plaintiff's land. The embankment and the culverts were permanent but the nuisance was not; there was no constant and continuing injury. It may be that where land is destroyed and its value before destruction is recovered as damages, there can be but one recovery. The soil and improvements might be renewed, however, in which case other suits might lie for damage to its renewed state. But suppose the land is only injured or the crops occasionally destroyed by rains, the just and rational rule as adopted in this State is that successive actions may be brought for the injuries as they occur. Railway v. Helsley, 62 Texas, 593. We agree with the court below in its holdings upon this subject.

Appellant consolidates the fourth, fifth, and sixth assignments of error. They are directed to the following paragraph of the court's charge and the refusal of the court to give special charges asked by defendant: "The defendant had a right to build its road bed where it did, and if necessary to its proper construction and use to throw up the embankment shown to have been made; but in so doing it was required by law to construct all the necessary culverts and sluices required by the natural lay of the land to prevent surface water from being diverted from its natural and usual course and thrown upon land where it would not otherwise have gone."

This charge is the law as enacted by statute in this State. Rev. Stats.,

art. 4171. "It was intended in this class of cases to furnish a simple rule by which would be avoided the difficulty which has been so often felt in adjusting the rights of persons under the conflicting decisions to which the arguments in this case refer." Railway v. Helsley, 62 Texas, 593. "It was intended," Justice Stayton proceeds to say in the case cited, "thereby to compel railways to construct such culverts or sluices as were necessary to permit water not confined within water courses to flow after a railway is constructed as it did before, in accordance with the natural lay of the land," etc. The charge given was but preliminary to other instructions and must be read in connection with them. So read, it was a proper charge. Railway v. Donahoo, 59 Texas, 131.

In the succeeding portion of the charge the learned trial judge gave the law applicable to the case. In effect he told the jury that if the embankment and culverts diverted the surface water from its natural and usual course and caused it to flow over plaintiff's land, and permanently injured the same and destroyed crops, etc., the company would be liable for the injury so caused. The jury were guarded by the charge so as not to include any damage occurring at a time that would be barred by the two years statute of limitations, and they were also cautioned not to allow "for any injury, if any, as would have resulted to the land if the embankment and culvert had not been built by reason of the natural flow of water."

In estimating damages to crops, in case of such damages, the jury were told that they could "only allow for such injury as was caused by the embankment and culvert causing water to flow on said land which otherwise would not have flowed there." In addition to this the jury were instructed that if the embankment and culverts diverted the water from its usual course and contributed to damage the land and crops, but it should appear that the damage was caused in part by water falling and running on the land regardless of the embankment and culverts, then the defendant would be liable only for such proportion of the injury as was caused by the embankment; and if the verdict should be for plaintiff, it should be for only the damages occasioned by the embankment and culverts.

The instructions of the court were carefully prepared and guarded every right of defendant.

The defendant complains because the court refused a special charge asked, to the effect that in case the jury should find the land and crops were injured by the water passing through the culverts and sluices, but should also find that such water was less injurious to the whole of the lands and crops than it would have been if the road bed had not been constructed and it had flowed according to the natural lay of the land, the verdict should be for defendant.

Such a charge should not have been given. The act of so constructing the embankment and culverts was wrongful, and it could not be made right by such a consideration. Such a comparison of detriments and

betterments are not applicable to cases like this.    It might be in a proceeding to condemn land for railroad purposes.

Appellant complains because the court refused a charge asked, to the effect that if the road bed was constructed so as to let the water pass with as little injury to plaintiff as could be practically done without making the road insecure and unservicable, then the company would not be liable for injury from water action after it left the right of way.    This charge is not the law.    Defendant was bound to so construct its road as not to divert the natural flow of surface water from its usual course, to the injury of adjacent lands.

The court also refused to give a special instruction asked by defendant, to the effect that if other obstructions on the land or in its neighborhood, not attributable to the embankment and culverts, caused the water to flow out of its usual course and damage plaintiff's land and crops, no verdict could be returned for such damage.    Several charges of a similar purport, specifying obstructions and causes that might have been found to have changed the course of the water and turned it on plaintiff's land to its injury, which should not be charged to defendant in estimating damages, were asked, but the court refused all of them.    There was no error in such refusal.    The court had in his general charge given all the law applicable to the case, and sufficiently guarded the jury from finding any damages against defendant except such as resulted from the improper construction of the road bed and culverts, and especially from awarding damages arising from other causes, regardless of the embankment.

We commend the charge of the court, and think there was no error in refusing to give requested charges which only repeated principles embodied clearly in the general charge in so far as they were applicable.

We are of the opinion the judgment of the court below should be affirmed.

*Affirmed.*