**TEXAS & N. O. RY. CO. v. JEFF CHAISON TOWNSITE CO.  (No. 810–4829.)**

Commission of Appeals of Texas, Section B.
Oct. 12, 1927.

1. **Railroads** ⊂⊃222(5)—**Loss of rental value of houses opposite spur track could not be recovered because of presence of switches causing physical injury.**

Where loss of rental value of houses located opposite spur track did not arise out of any physical injury to property through switching or movement of cars, recovery could not be sustained upon theory of injury to property occasioned by presence of railroad switches and ordinary use of its tracks for switching purposes.

2. **Railroads** ⊂⊃222(5)—**One owning several houses opposite spur track could not recover for loss of rentals on all houses because railroad car destroyed one house.**

One owning fifteen houses located opposite defendant's spur track could not recover for loss of rental on houses not injured where defendant's railroad car destroyed one house and injured another, and owner reduced rent on others, since it did not follow that loss of rent was proximate result of railroad's negligence.

3. **Evidence** ⊂⊃568(1)—**Witness' opinion could not make that proximate result of act which clearly as matter of law was not such.**

Opinion of witness could not make that proximate result of a given act which clearly as matter of law was not such.

4. **Limitation of actions** ⊂⊃55(6)—**Cause of action for loss of rentals of houses because of presence of switches arose when switches were built, and hence was barred.**

Cause of action for damages for loss of rental value of row of houses located opposite spur track because of presence of switches, considering ordinary use thereof, including liability of cars to escape through negligence and to do damage, arose when switches were built, and hence was barred by statute of limitations.

Error to Court of Civil Appeals of Ninth Supreme Judicial District.

Suit by the Jeff Chaison Townsite Company against the Texas & New Orleans Railway Company. Judgment for plaintiff was affirmed in part and in part reversed and remanded, with instructions, by the Court of Civil Appeals (290 S. W. 892), and defendant brings error. Judgments of district court and Court of Civil Appeals in part reversed and rendered for defendant and in part affirmed.

Baker, Botts, Parker & Garwood, of Houston, and F. J. & C. T. Duff, of Beaumont, for plaintiff in error.

Howth, Adams & Hart, of Beaumont, for defendant in error.

SPEER, J.   Defendant in error sued the plaintiff in error in the district court of Jefferson county to recover damages for the loss of rent and for an injury to property occasioned by the defendant's negligence. The defendant in error owns a row of rent houses facing upon plaintiff in error's right of way and the open end of one of its switches in the city of Beaumont. In the trial court plaintiff recovered judgment for the sum of $1,572.69, being $823.69, the cost of rebuilding a house destroyed by a runaway car of plaintiff in error, $720 for loss of rents to the fifteen houses, $12 cost to plaintiff for storing the goods of his tenant while the house was being rebuilt, and $17 for rental value of the house from the time it was demolished until it was rebuilt. The Court of Civil Appeals affirmed this judgment as to the item of rent amounting to $720, but as to the other items reversed the judgment and remanded the cause for a new trial. 290 S. W. 892. The railroad company alone complains, and the only question before us therefore is the correctness of the judgment affirming the trial court as to the recovery for lost rents.

As a basis for this recovery, the plaintiff's pleadings declare:

"That the plaintiff owned at the time of said several collisions alleged, and for a long time prior and subsequent thereto, on the side of Cement street on the opposite side of defendant's spur track fifteen houses, and that he was compelled to and did reduce the rent of each of said houses $2 per month less than what would have been their reasonable rental value and the market value of the use thereof if the damage and menace created by defendant's spur track on the opposite side of the street of said houses, in the absence of any device or means to prevent cars shunting onto said spur track from crossing the street, is and was $2 per month or $30 per month for all of said houses for a period of two years during the existence of said menace and damage, amounting in all to the sum of $720, all of which was directly and proximately caused by the gross negligence of the defendant in having its cars collide with plaintiff's house and in maintaining said dangerous situation, and that plaintiff was compelled to reduce the rent of each of said fifteen houses $2 less than the actual reasonable value thereof on account of the maintenance of said dangerous condition by the defendant, and which said dangerous condition was a direct and proximate cause of the loss of rent sustained by the plaintiff."

Under the judgment of the trial court as affirmed by the Court of Civil Appeals, defendant in error must be held to have recovered all damages to the house or houses injured by a collision with plaintiff in error's cars. It is undisputed that the other buildings were never damaged or hurt by such collisions, the insistence for a recovery being upon the ground that their rental value had been depreciated. Upon this point the Court of Civil Appeals said:

"As we construe its plea, appellee was asking for the loss suffered by it in the reasonable rental 'market value' of its property, to which it was clearly entitled. * * * The cause of action for the loss of rent was not barred by the statutes of limitation. This cause of action was not based upon a depreciation in the value of the premises, but was only for the loss of rents occasioned by the nuisance complained of."

[1-3] Since no right of recovery in this respect is predicated upon any physical injury to the property, such right necessarily is predicated upon the injury to the property in its rental value occasioned by the presence of the railroad switches and the ordinary use of its tracks for switching purposes and otherwise in that vicinity. Since the loss sought to be recovered for did not arise out of any actual physical injury to the property through such switching or movement of cars, the recovery cannot be sustained upon any such theory. Assuming that defendant in error reduced the rent upon his houses in consequence of the act of plaintiff in error, destroying one and injuring another, it does not at all follow that the loss of rent which followed was the proximate result of plaintiff in error's negligence. Let us suppose the houses had been owned by separate individuals. Would it be thought for a moment that the owner of the houses not injured by defendant's act would have a cause of action against the railroad company merely because it had injured defendant in error's house, resulting in a loss to him? Certainly not. The rule of law can be no different merely because all of the houses happened to be owned by defendant in error. The testimony quoted and relied on by the Court of Civil Appeals, to the effect that the construction of the railroad track, having interfered with the renting of the buildings on the east end of Cement street to a depreciation of their rental value, required a similar cut in the rent of the other buildings for the sake of uniformity, obviously affords no basis for the judgment. This conclusion cannot be true as a matter of law. The opinion of a witness cannot make that a proximate result of a given act which clearly as matter of law is not such.

[4] Neither can the judgment be affirmed upon the theory that the presence of the switches, considering the ordinary use thereof, including the liability of cars to escape through negligence and do damage, damaged defendant in error's property in its rental value to the extent recovered. Whatever injury was done to defendant in error's property in this respect occurred when the switches were built, and indisputably the cause of action arose at that time, and has long ago been barred by the statute of limitations, which was duly pleaded in the case. At this point the Court of Civil Appeals says:

"The cause of action for the loss of rent was not barred by the statutes of limitation. This cause of action was not based upon a depreciation in the value of the premises, but was only for the loss of rents occasioned by the nuisance complained of. Limitation did not begin to run until the loss accrued, which for the damages sued for, was within two years from the filing of this suit."

But we have shown the loss of rents did not accrue by reason of any negligent injury to the buildings through escaping cars being switched, so that, if such loss ever accrued, it arose with the construction of the switches, and the action therefore was barred. The case of Railway Co. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350, cited by the Court of Civil Appeals, announces correct principles, but it does not support the decision. There it was said:

"The building of the embankment and the culverts as alleged was not of itself a nuisance; it was no invasion of plaintiff's rights—they were not put on his land. They become a nuisance only at intervals by diverting water from rainfalls from its usual flow upon plaintiff's land. The embankment and the culverts were permanent, but the nuisance was not; there was no constant and continuing injury."

Here the structures were permanent, and whatever injury to the lands would follow from their ordinary use was necessarily constant and continuing, and, moreover, if this were not true, there has been no other injury whatever, whether recurring, extraordinary, or otherwise, shown.

From these considerations it follows that the judgment of the trial court for the item of $720, and that of the Court of Civil Appeals affirming it, should be reversed, and judgment here rendered for plaintiff in error. Of course the judgment in other respects, not being before us, is not disturbed.

CURETON, C. J. The judgments of the district court and Court of Civil Appeals are in part reversed and rendered in favor of plaintiff in error, and in part affirmed, as recommended by the Commission of Appeals.