### INTERNATIONAL-GREAT NORTHERN R. CO. v. LEE et al. (No. 9226.)

Court of Civil Appeals of Texas. Galveston. Nov. 28, 1928.

Rehearing Denied Jan. 3, 1929.

T. P. Buffington, of Anderson, and Morris, Sewell & Morris, of Houston, for appellant.
S. W. Dean, of Navasota, for appellees.

GRAVES, J. This appeal is from an award by the trial court, sitting without a jury, of $250 in damages to the appellees as for physical injuries to their nearby building, caused within two years before the filing of the suit by appellant's daily operation—for the first time since the building of the line—on its railway tracks less than 100 feet away of large Mogul engines in such an unnecessary way as to jar, dislocate, and crack the walls of the house; in entering the adverse judgment the court specifically found, however, that the injuries so inflicted had neither been of an irremediable nor necessarily recurring character, because upon the one hand they could be repaired, while upon the other the railroad company had at the time of the trial put its tracks and roadbed in such condition that like effects in the future would be avoided.

Appellant assails the judgment on these grounds:

(1) The evidence showed the cause of action to have been entirely barred by the Two-Years Statute of Limitation (R. S. 1925, art. 5526), or, if not, there was none separating such damage as may have occurred within two years from that which occurred more remotely.

(2) The undisputed evidence showed that trains operated by the Southern Pacific Railroad Company, whose tracks crossed those of the appellant at a point near the appellees' property, also shook and damaged their house, and there was no proof whatever as to what portion of the damage had been done by each of the two companies.

Neither of these contentions can be sustained. There was sufficient testimony to support findings to the effect: First, that appellant, whose line of railway at that place had been in operation for many years before, first put on its tracks the large Mogul engines complained of after September of 1926, and that all of the damage recovered for was caused by them alone subsequent to that time, the suit having been filed June 9, 1927; second, that none of these injuries had been inflicted by the Southern Pacific Company, whose tracks were more than three times the distance appellant's were from the premises affected, and which was not shown either to have operated the Mogul engines on its lines at all, or not to have always kept its roadbeds in the protecting condition against such damaging consequences towards the appellees as the court found appellant itself had done by the time of this trial.

It is true there was testimony tending to show that appellees had sustained some damage from the operation of appellant's road almost continuously since its construction long years prior to this litigation, but none of that was sought or recovered in this action, which was in the main specifically grounded upon such as had been caused by the very recent operation thereon for the first time in the railway's history of the large Mogul engines, it being further charged that this had daily been done "negligently, wantonly and wilfully, without any regard to or arrangement for the protection of the rights of adjoining property owners"; so that, while there were other general averments, this damage may at least be regarded as that directly arising from the physical injuries to the appellees' house from the movement so near it of these very heavy locomotives, and the cause of action to recover it arose when they were put on. Ry. v. Ander-

son, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350; Texas & N. O. Ry. Co. v. Townsite Co. (Tex. Com. App.) 298 S. W. 399.

It follows from these conclusions that the judgment should be affirmed; that order will enter.

Affirmed.