## MATTHEWS v. CITY OF FORT WORTH et al.

No. 13155.

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1935.

Rehearing Denied July 12, 1935.

T. W. Dunn, H. C. McCart, A. B. Curtis, and A. W. Christian, all of Fort Worth, for appellant.

R. E. Rouer, Geo. C. Kemble, and J. M. Floyd, all of Fort Worth, for appellees.

BROWN, Justice.

Appellant, Matthews, sued appellees city of Fort Worth and Guaranty Building & Loan Company, alleging that on May 15, 1928, R. W. Hornsby and wife executed a deed of trust upon two certain lots situated in said city, to secure a note for $2,600; that on January 3, 1931, Hornsby and wife by deed conveyed the property to appellant, Matthews; that Matthews and wife on November 9, 1931, conveyed the property to Glenn Dora Cain; that Mrs. Cain, joined by her husband, J. T. Cain, on July 27, 1932, reconveyed the property to appellant, he assuming the unpaid balance of the note due the loan company; that it was the intention of Cain and wife to also convey to appellant all claims for damages that the appellee city had occasioned the property by any overflows, past and future, that had occurred, but by oversight such assignment of claims was not incorporated in the deed, and to carry out such intent and purpose Cain and wife made such assignment by written instrument in March, 1933, a copy of which was attached to his petition and made a part thereof; that the property faces south on Anthony street for 100 feet, and extends north 125 feet to an alley; that a modern six-room house, with porches, and a two-car garage are built on the lots; that the property is about 140 feet west of Hemphill street; that on and prior to June, 1930, and for many years prior thereto, there was located a large open ditch running easterly from a point east of College avenue, extending along the alley north of said property, and which ditch runs southeasterly to Hemphill street under a bridge or culvert, located on Hemphill street, and extends southeasterly for a distance of two or three blocks to the vicinity of Katy Lake; that such open ditch, or drain, was sufficient to carry off all surface waters so as to prevent overflows; that some time in June, 1930, the said city caused Hemphill street to be paved, or repaved, from a point several hundred feet north of Anthony street, southerly, past such street and on to the city limits; that said city raised the grade of the street, took out the bridge, or culvert, and filled the ditch, or drain, and placed a storm sewer about three feet in diameter to carry off the surface waters. "That said construction is permanent in its nature, and said defendant, although said property has been greatly and permanently damaged thereby, has failed and refused and still refuses to change or alter said construction so as to relieve any overflows upon the property herein involved which will or may occur in the future." Appellant alleged "that prior to the repaving of Hemphill Street and the laying of said storm sewer and said other construction, said property had not overflowed, but the same was and had been valuable as residence property." Appellant then alleged that "on or about January 16, 1932, a considerable rain, but not an unusual one, came and said property overflowed and the water remained thereon to a depth of about three feet for a period of several days, becoming stagnant and greatly inconveniencing the occupants of said property." A similar allegation is made as to such a rainfall in May, 1932, and in September, 1932, and appellant asserts that "said overflows which have occurred at frequent intervals, have greatly damaged said property

and have rendered the same of no value for residence purposes, and plaintiff has been unable since said rains and overflows came to realize any net revenue from said property, or to sell or dispose of the same as residence property." He alleged that just prior to the rain and overflow in January, 1932, the reasonable market value of the property was $4,500; that the overflows from considerable rainfalls have rendered it valueless for residence purposes, and that its present value, which is only for agricultural purposes, is only $500. He alleged further: "That said acts of the defendant in making said improvements and obstructing and destroying said natural drain and providing in lieu thereof a storm sewer which has proven entirely inadequate to carry said surface water, and which since its construction has to a considerable extent become filled with mud and debris, did not constitute an actual physical invasion of plaintiff's said property, but did and do constitute a continuing unlawful nuisance as to said property of plaintiff, recurring with each considerable rainfall in the vicinity thereof, which nuisance originated and began when it first became apparent at the time of said overflow in January, 1932, that said work and construction by said defendant, City of Fort Worth, resulted and would result in the future at times of considerable rainfall in the vicinity of said property in the overflow of said property, and in the deposit and standing of stagnant water thereon as hereinbefore set out, thereby permanently damaging plaintiff's said property as hereinbefore set out, and constitute a damaging of said property of plaintiff without his consent, without adequate compensation being made therefor, for which said defendant is liable to plaintiff under the provisions of the Constitution of Texas, article 1, § 17."

Plaintiff alleged that the amount of said damages, which are permanent in their nature, is the difference between the reasonable market value of said property just prior to said overflow in January, 1932, and its reasonable market value at present, "which is the sum of towit: $4000.00, for which plaintiff sues and prays judgment against the defendant."

He prayed for his damages as set out, and that the loan company be awarded whatever sum is owing to it, and that the balance be awarded to him.

Appellant's first petition was filed September 12, 1932, and is not as full as the amended pleading on which he went to trial. That petition named the city as the sole defendant, and made no mention of the lienholder, and, necessarily, made no mention of any assignment of any claim by Cain and wife against the city. In that pleading, appellant alleged that on January —, 1931, he was and has since been the owner of the property in question, and he did not set out the chain of transfers we find in the amended pleading, but the cause of action attempted to be set up is practically identical with that asserted in his amended pleading.

The city addressed a general demurrer and several special exceptions to the petition, and the trial court sustained the general demurrer.

Appellant declining to amend, the cause was then dismissed, and this appeal followed.

Mr. Chief Justice Dunklin, speaking for the court in the case of Elmo v. James (Tex. Civ. App.) 282 S. W. 835, draws the proper distinction between a right of action and a cause of action.

Appellant here asks for a complete remedy, and pitches his suit upon the improper construction of the raised street, the filling of the drainage ditch, and construction of an inadequate storm sewer built for the purpose of carrying off the surface waters during rainfall. All of these things, he alleges, were done in the month of June, 1930, and at a time when R. W. Hornsby was the owner of the property asserted to have been injured. It is true he alleges that on or about January 16, 1932, "a considerable rain but not an unusual one" fell, and, to all intents and purposes, caused the first overflow upon his property.

Even though we must take the allegations of appellant's petition as absolutely true, in the face of the general demurrer, and assume that "no considerable but not unusual" rainfall occurred, between June, 1930, when the construction of the paving and storm sewer was done by the city, and it filled the natural drain then in existence, and January 16, 1932, we are driven to the conclusion that the right of action arose in June, 1930, and at a time when R. W. Hornsby owned the property involved. That right of action has never been assigned to Matthews, who purchased

the property from Hornsby, on January 3, 1931.

The present owner, and appellant here, has not sought to recover special or temporary damages arising from the construction of improvements that subsequently proved a nuisance, by reason of the manner of construction, and such as have recurred from time to time, as was done in the case of Austin & N. W. Ry. v. Anderson, 79 Tex. 427, 15 S. W. 484, 23 Am. St. Rep. 350, but seeks to recover the difference between the value of his property as it was before the city made the permanent improvements, and the value that he alleges it had when he filed his suit. This, we hold, he cannot recover under the petition filed by him.

The judgment of the trial court is affirmed.