## WALL et al. v. BEASLEY.

### No. 11950.

Court of Civil Appeals of Texas. Galveston.

Jan. 29, 1948.

Rehearing Denied Feb. 5, 1948.

Crook & von Doenhoff, Robert A von Doenhoff and Leroy L. Moore, all of Crockett, for appellants.

J. G. Beasley and Kennedy & Granberry, all of Crockett, for appellee.

GRAVES, Justice.

The appellee concedes the statement of the nature and result of the suit below, in appellants brief, which has been immaterially edited here, to be correct:

This is a suit (1) for damages, (2) for injunctive relief, and (3) for the abatement of an alleged nuisance. Appellants W. C. Wall and Leroy L. Moore, Independent Executors of the Estate of Mrs. Nettie C. Wall, deceased, as plaintiffs, brought it against appellee, J. G. Beasley, as defendant, for an injunction against the reservation by defendant of a six-foot strip of land between a street known as "Gordon Drive" on the plat of his Pinecrest Addition to Crockett, and plaintiffs' property, for the abatement of said strip as a nuisance, and for damages resulting from defendant's claim to, and maintenance of, said six-foot strip. Upon a trial upon the merits before the Court without a jury, the Court rendered judgment that plaintiffs take nothing by their suit.

The court specified the 3 controlling features of its decree as follows: "* * * that Plaintiffs take nothing by this suit; (1) that they recover no damages; (2) that they have no injunction against Defendant, J. G. Beasley; and (3) that they be denied access to Gordon Drive, by crossing the six-foot strip, which is marked 'Reserved' upon the map recorded in Book 1, at page 62, Houston County Map Records, being the East 6-feet of that tract of 82/100 of an acre, conveyed to F. A. Smith et al., by deed dated October 8, 1928, recorded in Book 127 at page 581, Houston County Deed Records; that Defendant J. G. Beasley go hence with his costs. * * *"

The judgment was supported by the filing of findings-of-fact and conclusions-of-law, the substance of those deemed most material being this:

928

### Findings of Fact.

"1. On or about October 1, 1928, Mrs. Nettie Wall, Plaintiffs' Testatrix, conveyed to F. A. Smith and J. H. Smith, composing the co-partnership of Smith Brothers, the land described in paragraph 4 of Plaintiffs' Petition, hereinafter called the 80 foot tract. On the same date, and as a part of the same transaction, Smith Brothers executed and delivered to Mrs. Nettie Wall a letter, which obligated Smith Brothers to protect Mrs. Nettie Wall and the remaining property of the W. B. Wall homestead (of which the 80 foot tract was a part at the time of the sale to Smith Brothers) from any assessment that might be levied for street-improvements upon the 80 foot tract, which guarantee of protection was to continue in force so long as Mrs. Nettie Wall, or her heirs, were the owners of said W. B. Wall homestead tract.

"2. J. G. Beasley, Defendant in this suit, acted as agent for Smith Brothers in all negotiations relative to the purchase of the 80 foot tract from Mrs. Nettie Wall for Smith Brothers.

\* \* \* \* \* \*

"6. At the time the 80 foot tract was purchased it was the intention of Smith Brothers to use it at some time in the future to build a street, and Mrs. Nettie Wall was informed of this fact, but no time was fixed within which the street was to be built. Smith Brothers did not have an exact time fixed in their minds within which to build a street at the time of the purchase of the 80 foot tract. It was their intention at that time to later purchase the Tenney tract to be used in opening up an addition. Mrs. Nettie Wall knew the Tenney tract was between the 80 foot tract and the 38 acre tract, and that Smith Brothers did not own the Tenney tract.

"7. The consideration for the 80 foot tract was $2,500.00 paid in cash and Smith Brothers written guarantee of protection from any assessments that might be levied for street improvements upon the 80 foot tract (the assessments that might be made on the remainder of the Wall homestead, of which the 80 foot tract was a part.)

"8. Five (5) years would have been a reasonable time within which a street could

have been constructed by Smith Brothers on the 80 foot tract of land. A street was not constructed within a reasonable time.

"8. Smith Brothers' property, including the above mentioned tracts, passed into the hands of trustees, and from the trustees to Receivers appointed by Third Judicial District Court of Houston County, Texas, (this Court), and subsequently such Receivers conveyed all of same to Century Investment Company, a Corporation, which had been organized for the purpose of liquidating the assets in the hands of the Receivers, and this Corporation conveyed all of the lands hereinabove mentioned to J. G. Beasley and Mose Bromberg. This conveyance was made about 1937.

"9. About 1939, J. G. Beasley and Mose Bromberg started construction of streets and other improvements, toward opening up an addition, now known as 'Pinecrest Addition', and such construction included 'Gordon Drive', as shown by the Plat in the Statement of Facts.

"10. J. G. Beasley and Mose Bromberg paid for all the improvements made to the addition, including the paving of 'Gordon Drive'. The work was completed about the 17th of November 1940, and soon thereafter the addition, together with all streets and other improvements, was turned over to the City of Crockett, and accepted by the City of Crockett. The City accepted 'Gordon Drive,' as it is shown by the plat in the Statement of Facts. There was never an intention on the part of J. G. Beasley and Mose Bromberg to improve (pave) the full 80-foot tract. In accepting the street (Gordon Drive through the 80-foot tract) the City did not accept it as an 80-foot street.

"11. At all times pertinent to this suit, J. G. Beasley and Mose Bromberg, each, has intended to reserve the 6-foot strip, marked 'Reserved' on the Plat filed with the County Clerk, and shown in the Statement of Facts. There has never been any intention on their part to dedicate to any public use a street 80-feet wide where the street passes through the 80-foot tract of land purchased from the Walls.

"12. The remaining part of the Wall Homestead at all times since the conveyance of the 80-foot tract to Smith Brothers,

and since the construction of Gordon Drive, has had an actual cash-value as great as it was prior to these two happenings.

\* \* \* \* \* \*

"14. Since the 17th. day of November, 1940, there has been no change of any kind in the condition of the said street known as 'Gordon Drive', and no work has been done thereon by J. G. Beasley, or Mose Bromberg. The public did not use the six foot strip marked 'Reserved' before that time, and has not used it since that time for a street, or any other purpose. The barricades which were erected when the work began upon the streets (including 'Gordon Drive') were removed sometime prior to but not later than November 17, 1940.

\* \* \* \* \* \*

"16. The remaining portion of the W. B. Wall Homestead abuts on Houston Avenue, a principal thoroughfare of the City of Crockett, for a distance of not less than ninety five (95) feet.

"17. This suit was filed September 3, A. D. 1946.

"Conclusions of Law.

"1. There was no implied obligation that Smith Brothers should construct an eighty (80)-foot street upon the eighty (80)-foot tract of land purchased from Mrs. Nettie Wall.

"2. The facts in this case do not show a dedication of an eighty (80)-foot street through the eighty (80)-foot tract of land purchased from Mrs. Nettie Wall.

"3. The cause-of-action asserted by Plaintiffs is barred by the two and four years' statutes of limitation. [Vernon's Ann.Civ.St. Arts 5526, 5529].

\* \* \* \* \* \*

"6. Plaintiffs are not entitled to an easement of necessity over and across the six (6)-foot strip, marked 'Reserved', since their property abutts Houston Avenue, one of the principal thoroughfares of the City of Crockett.

"7. Plaintiffs are not entitled to any injunctive-relief.

\* \* \* \* \* \*

"9. Any damages done to the Wall property remaining after the sale of the eighty (80)-foot tract \* \* \* was completed on or prior to November 17, 1940, at the time the barricades were removed and the street opened. Such damage would not be a continuing damage, as that term is used in law, and Plaintiffs' suit would be barred by the two (2) and four (4) years statutes of limitation, since such suit was not filed within such periods of time after the cause of action accrued."

"Additional Finding of Fact.

"1. The City of Crockett never accepted 'Gordon Drive' or any of the Street shown in the Plat of Pinecrest Addition shown in the Statement of Facts in this case by Ordinance or Resolution and did not comply with Article 6626 of the Revised Civil Statutes of Texas [Vernon's Ann.Civ.St. Art. 6626] but the Street Department took the Streets over from the Defendant, J. G. Beasley, and began keeping the streets in repair. However, a narrow strip on each side of 'Gordon Drive' was not kept up by the City. after the Street Department began keeping the Streets in a state of repair; that is, a narrow strip of the hard surface as of the date when such work was taken over by the City.

"2. J. G. Beasley and Mose Bromberg filed a plat in the office of the County Clerk of Houston County, Texas, now recorded in Book 1, Page 62, of the Plat Records of Houston County, Texas, on or about the 23rd day of September 1940, in which there was delineated a "Reservation 6 Feet Wide" on the East side of Gordon Drive and abutting on the remainder of theW. B. Wall Homestead tract, as fully shown by the Map or Plat in the Statement of Facts in this case."

The appeal has been helpfully briefed and orally argued here by both sides, and, after painstaking consideration of it, in the light of the record brought up, this Court concludes that the correctness of the judgment so rendered depends upon whether or not the trial court correctly held in its quoted third conclusion-of-law that the "Cause-of-Action", (meaning all 3 stated elements of the recoveries they so sought), asserted by the appellants below, was barred by at least the 4 year statute of limitations, Vernon's Revised Civil Statutes of Texas, art. 5529.

It is thereupon determined that such holding was correct, upon the conclusively-shown state of the record. Wherefore, if that holding be sound, as it is thought to be, it would plainly be supererogatory to go further and determine any of the other questions-of-law, as discussed in the briefs of the parties.

None of the findings-of-fact so stated by the court below—especially as they relate to the issue of limitation—have been successfully attacked upon the appeal; indeed, as to each and all of them, such findings appear to have been supported by the conclusive, if not the undisputed, testimony.

Moreover, the real bone-of-contention being the existence and position of the six-foot strip of land, which the appellee thus marked as "reserved" on the map he filed of his "Pinecrest Addition" on September 23, 1940, and all the 3 elements of legal grievance the appellants so declared-upon—that is, their successive claims for damages, for injunctive-relief, and the abatement of it as an alleged nuisance—each and all having directly proceeded from it, it follows that, if their right to assert them arose when the latter filed his plat thereof and began his exclusive appropriation of the strip, obviously all of such claims were barred; because they did not file this suit to assert any of them until the 3rd day of September, 1946, nearly 6 years thereafter.

When reference is had to the stated findings-of-fact, each of which, as indicated, must be here assumed to have been correct, there seems no doubt, under well-settled authority in Texas, that all three of these declared-upon causes-of-action did then accrue to appellants, hence must have been asserted by them within less than 4 years thereafter.

In the first place, the predecessors-in-title of the appellants had been the vendors, not the vendees, of the predecessors-in-title of the appellee to the 2 little strips of land aggregating 82/100 of an acre the Walls so conveyed to Smith Brothers; in the next place, while, as the trial court found, the appellee had originally acted as agent for Smith Brothers in all such transactions with the Walls, that is, the predecessors of appellants in the transactions resulting in such sale of the 82/100 acres from the Walls to Smith Brothers, the appellee was not related to such transaction as a party-in-interest personally; but, on the contrary, he never had any beneficial title or ownership in such property until, as the trial court specifically found, long after the title to it had passed out of Smith Brothers, when he bought his interest therein by a deed from the Century Investment Company, a Corporation, in 1937.

The appellee thus, by all the authorities, in his individual capacity as an owner, stood at arm's-length to the appellants in subsequent dealings between them with reference to such property. That being true, it becomes difficult to perceive any legal impediment against his filing for record such a plat of his addition, and marking thereon such 6-foot strip of land as "reserved", and belonging to himself.

Furthermore, it seems equally clear that, in any event, the claimed damages to appellants from the maintenance of such reservation were not of a continuing nature, but that if at all, they accrued at the time the plat was so put upon the record, or, at the latest, when the street—"Gordon Drive"—was opened to the public in November of 1940, and the 6-foot strip was then asserted by the appellee to have been by him "reserved" and retained as his own. Houston Water-Works v. Kennedy, 70 Tex. 233, 8 S.W. 36; Austin & N. W. Ry. Co. v. Anderson, 79 Tex. 427, 15 S.W. 484, 23 Am.St.Rep. 350.

Appellants' whole cause-of-action, including the 3 elements sought as part and parcel thereof, did, under these authorities, accrue when the plat was so filed in September of 1940, or in November thereafter, when the "Gordon Drive" street was opened by the appellee to the public, wherein he so retained in himself the title to the 6-foot strip between that street and appellants' property.

As the trial court's quoted findings recite, the appellants parted with all their interests in the 82/100 of an acre of land that so thereafter became "Gordon Drive", by the deeds they executed to Smith Brothers in October of 1928, whereas the plat of "Pinecrest Addition" so showing "Gordon

Drive" thereon, which covered the 2 small strips thus deeded away by the appellants' predecessors-in-title, was so filed on September 23 of 1940.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. They require an affirmance of the trial court's judgment. It will be so ordered.

Affirmed.