W. H. Parsons and Wife v. Uvalde Electric Light Company.

### No. 2309. Decided February 4, 1914.

#### 1.—Nuisance—Permanent or Occasional Injury—Limitation.

Where a nuisance is of a permanent character and its construction and maintenance necessarily an injury, the damage is original and may be at once fully compensated, and limitation begins to run upon the construction of the nuisance. But where the construction and maintenance are not necessarily injurious—may or may not be so—compensation is awarded only for the damage which has happened, with as many successive recoveries as there are successive injuries, and limitation begins to run from the happening of the injury complained of. (Pp. 214, 215.)

#### 2.—Same—Case Stated.

The owner of residence property sued for damages from sickness, discomfort and annoyance to himself and family caused by the plant of an electric light company, erected more than two years before the institution of suit, upon adjacent premises, and casting smoke, dust and cinders upon his home in its operation. Held, that limitation against such action did not begin to run from the date of the erection and putting in operation of the plant, but recovery could be had for any such injury received within two years preceding the filing of the action. (Pp. 213-216.)

Error to the Court of Civil Appeals, Fourth District, in an appeal from Uvalde County.

Parsons and wife sued the electric company and recovered damages. The judgment was reversed and remanded on defendant's appeal; and appellee (plaintiff) obtained a writ of error on the ground that the ruling practically settled the case.

*Love & Williams* and *John W. Hill,* for plaintiffs in error.—A cause of action for damages for personal annoyances, discomforts and inconveniences, is a separate and distinct cause of action from one for damages to realty; and while the damage to the realty in the depreciation of its value is complete and accrues immediately upon the initial construction and operation of the nuisance, the damages for personal annoyances, inconveniences and suffering do not accrue, and no cause of action for such damages lies until such sufferings are experienced; and hence limitation does not, and can not begin to run until such sufferings are experienced, and the cause of action accrues; and hence, each and every experience of suffering constitutes a separate and distinct cause of action, for which an action for damages lies; and a suit may be brought for the accumulated damages for the aggregate sufferings experienced within two years next preceding the filing of the petition. Waterworks v. Kennedy, 70 Texas, 235; Austin & N. W. Ry. Co. v.

Anderson, 79 Texas, 433; Railway Co. v. Helsley, 52 Texas, 593; Am. & Eng. Ency: of Law, vol. 19, p. 200, sec. d (2nd ed.); Am. & Eng. Ency. of Law, vol. 21, p. 724, sec. i (2nd ed.); Rainey v. Railway Co., 99 Texas, 285; Railway Co. v. Anderson, 36 Texas Civ. App., 121; B. & P. Ry. Co. v. Fifth Baptist Church, 34 U. S. (Law. ed.), 784; Railway Co. v. Fifth Nat. Bank, 35 U. S. (Law. ed.), 235; Boyd. v. Schreiner, 116 S. W., 103.

*Martin, Old & Martin, G. B. Fenley,* and *Claude Lawrence,* for defendant in error.—While a cause of action for damages for personal annoyances discomforts and inconveniences is sometimes treated as a separate and distinct cause of action from one for damages to realty, yet such personal annoyances and discomforts become permanent and not temporary when the facts alleged show that their cause and origin have their source from a permanent structure, and they are shown to have continued without interruption, and are liable to continue in their injurious effects for an indefinite period, and during their said continuance deprive the land owner of any beneficial use of his estate affected by it; then a recovery not only may, but must be had for the entire damage in one action; and such is the nature of the case shown by the petition. Waterworks v. Kennedy, 70 Texas, 236; St. Louis, I. M. & S. R. Co. v. Briggs, 6 L. R. A., 804; Railway Co. v. Morris, 35 Ark., 622; Railway Co. v. Chapman, 39 Ark., 463; Umscheid v. City of San Antonio, 69 S. W., 496; Ill. C. R. Co. v. Grabill, 50 Ill., 241; Ridley v. Seaboard & R. R. Co., 32 L. R. A., 708; 25 Cyc., 1144; Bigham Bros. v. Port Arthur Canal Co., 126 S. W., 324; Lyles v. Texas & N. O. Ry. Co., 73 Texas, 95; Townes on Pleading, pp. 280, 281; Rev. Stats., art. 3354; Austin & N. W. Ry. Co. v. Anderson, 79 Texas, 432; Virginia Hot Springs Co. v. McCray, 56 S. E., 216; Citizens P. M. Co. v. Tunstall, 16 S. W., 424; Madisonville Ry. Co. v. Graham, 144 S. W., 737; Ireland v. Bowman, 114 S. W., 338.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

For the purpose of this case the following condensed statement of the facts will be sufficient:

The plaintiff in error, W. H. Parsons, owned, and he with his wife and children, occupied certain lots in the City of Uvalde for a number of years prior to the erection by the defendant in error of its plant and the putting of the same into operation, which occurred in the year 1907. More than two years after the completion of the buildings and the location of the machinery and the commencement of the operation of the same, Parsons, joining with him his wife and children, instituted a suit in the District Court of that county against the Electric Light Company to recover damages occasioned to his home place in the reduction of its market value by reason of the operation of the said machinery, and also to recover damages to himself and family which had been caused at different times by the operation of the said machinery from the beginning until the time of the filing of the suit, and which occurred from

time to time during the operation of the said machinery by reason of
the smoke, dust, cinders and other things which originated in and con-
tinued with the operation of the said machinery, and by which, from
time to time, annoyance, inconvenience, personal discomfort and sick-
ness were caused to the different members of the family.

The defendant, the Electric Light Company, filed a special demurrer
to the petition on the ground that the cause of action was barred by the
statute of limitation of two years, under which it was contended that
the right of action for damages, both in the reduction of the value of
the land and in the creation of inconveniences, personal discomfort, etc.,
arose at the time that the machinery was completed and put into oper-
ation, more than two years before the filing of the petition and was
barred. The plaintiffs dismissed as to the damages caused by the re-
duction in the value of the land, and the case went to trial; the court
instructed the jury to find for the plaintiff damages arising from the
operation of the machinery and causing personal inconvenience, sick-
ness and the like of the plaintiff and his family, but limited the right
of recovery to such as accrued within the period of two years next pre-
ceding the filing of the petition. The jury returned a verdict for the
plaintiff for $500 for himself and $500 for his wife, but found nothing
in favor of the children of plaintiff. From this judgment the Electric
Light Company appealed to the Court of Civil Appeals, which reversed
the judgment of the District Court and remanded it for a further trial,
basing this action upon the ground that the court erred in not sustain-
ing the special demurrer to the plaintiff's petition on the ground that
the action was barred within two years from the completion and com-
mencement of the operation of the machinery. The plaintiff in error
alleged that the decision of the Court of Civil Appeals practically settled
the case, and upon that ground the writ of error was granted by this
court.

The sole question presented to us is, did the right of action for dam-
ages to the plaintiff and his wife by reason of the operation of the
machinery accrue at the time the machinery was put into operation and
require that all future damages should be recovered in the one action?

The rules of law which must govern in the decision of this case are
clearly stated thus:

"Wherever the nuisance is of a permanent character, and its con-
struction and continuance are necessarily an injury, the damage is
original and may be, at once, fully compensated. In such case, the
Statute of Limitations begins to run upon the construction of the
nuisance.

"But when such structure is permanent in its character, and its con-
struction and continuance are not necessarily injurious, but may or
may not be so, the injury to be compensated in a suit is only the damage
which has happened; and there may be as many successive recoveries
as there are successive injuries. In such case the Statute of Limita-
tions begins to run from the happening of the injury complained of."

St. Louis, Iron Mountain & Southern R. Co. v. Biggs, 52 Ark., 240, 6 L. R. A., 804, 12 S. W., 331, 20 Am. St., 174.

In Illinois Central Railroad Company v. Grabill, 50 Ill., 247, cited by defendant in error, the court said:

"If the damages recovered were for deterioration in the value of the plaintiff's property, such recovery would be a bar to any further prosecution for the same cause, but if they were for annoyance merely, and for rendering the air unwholesome, then a similar recovery might be had at every term of the court."

Our Supreme Court stated clearly the distinction of the two classes of actions thus: "We conclude from the authorities that where a nuisance is permanent and continuing the damages resulting from it should all be estimated in one suit; but where it is not permanent, but depends on accidents and contingencies, so that it is of a transient character, successive actions may be brought for injury as it occurs, and that an action for such injury would not be barred by the Statute of Limitation unless the full period of the statute had run against the special injury before suit. The embankment and the culverts were permanent but the nuisance was not; there was no constant and continuing injury." Austin & Northwestern Railway Co. v. John Anderson, 79 Texas, 433, 15 S. W., 485, 23 Am. St., 350. See Gulf, C. & S. F. Ry. Co. v. Helsley, 62 Texas, 593.

The distinction is so clearly drawn in the authorities cited that we deem it unnecessary to discuss them at length. We have carefully examined all authorities cited by defendant in error as well as many others, and we have not found one that sustains the proposition upon which the decision of the Court of Civil Appeals rests. In Railway Co. v. Anderson, supra, Judge Collard states with precision the distinction, as quoted above. The electric light plant was not situated upon Parsons' land, its existence or operation did not necessarily create a nuisance to plaintiff, it was only when the wind carried the smoke and cinders onto the premises that damage was caused. The court said in that case, "The embankment and culverts were permanent, but the nuisance was not." So in this case, the electric light plant, its buildings and machinery, were permanent and continuing, but smoke, cinders, etc., the nuisance which caused the injury, were not continuous. That case and this rest upon the same principles of law.

In Houston Waterworks v. Kennedy, 70 Texas, 233, the court makes the distinction which clearly discloses its inapplicability as authority in this case. The cutting of a hole in the wall of the building gave to the owner a right of immediate action for weakening the wall, but the damage resulting from the unlawful act occurred when the crack appeared, which the law required the owner to anticipate. In this case no invasion of Parsons' right of possession nor injury to his property occurred when the structures of the electric light plant were erected, and no right of action accrued to him as owner of adjacent lots, indeed, no action could have been maintained against the company for reduction in value until, by the operation of the machinery the injury accrued.

It logically follows that limitation did not run against a suit for personal injury until the right of action accrued from the operation of the plant. In the case of Waterworks v. Kennedy, there would have been no crack in the wall but for the wrongful act of making the hole in the wall of the building, hence the right of action was based upon the act of making the hole. In the instant case, the injury to health and comfort did not depend upon a reduction in value of the property. If the value of the property had increased, the injury to health would have afforded a ground of action. The two actions, although arising from the same cause, would have required the application of different measure of damages.

It is therefore ordered that the judgment of the Court of Civil Appeals be reversed and that the judgment of the District Court be affirmed.

*Reversed and judgment of District Court affirmed.*