Alfonso VERA, Appellant,

v.

Floyd G. DAVIS et al., Appellees.

No. 12777.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 29, 1954.

Rehearing Denied Jan. 26, 1955.

Sharpe, Cunningham & Garza, Brownsville, for appellant.

Garcia & Warburton, Brownsville, for appellees.

NORVELL, Justice.

At the suit of Floyd G. Davis and others, appellees, the trial court permanently enjoined appellant, Alfonso Vera, from erecting, constructing, maintaining and operating a slaughter house upon a certain tract of land owned by him and located in Block 61 of the Los Ebanos Properties Subdivision, Cameron County, Texas.

Findings of fact and conclusions of law were requested and filed. Appellant submits his appeal upon three points which are grouped and argued together. While particular findings are not designated, the first two points may be construed as asserting that there was insufficient evidence to support the trial judge's findings. By the third point it is asserted that the findings of the trial court do not support the judgment.

The trial judge made forty-one specific findings of fact. It appears therefrom that the tract of land involved (Block 61) lies adjacent to the northern limits of the City of Brownsville, and that the property in this general area has been in the past, and is now being developed for residential purposes. In February of 1954, Vera commenced the erection of a building for the purpose of operating a slaughter house therein. He intended to slaughter about sixty head of cattle a week and store cattle hides on the premises. He also planned to install a large septic tank for use in connection with his business. The judge found that as a result of such operations, obnoxious and offensive odors would issue from the plant, and flies and other insects would be attracted thereto, and that the conditions thereby created would be disagreeable and oppressive to persons of normal or ordinary sensibilities, residing within a one-half mile radius of such premises.

The specific findings made by the trial judge support the conclusions of law stated by him and justify the issuance of the perpetual injunction. Appellant's third point asserting the contrary is accordingly overruled.

We are likewise of the opinion that the evidence supports the findings made by the trial judge. As no jury was impaneled, questions relating to the credibility of the witnesses and the weight to be given their testimony were matters exclusively within the province of the trial judge, and when "there is some evidence of a substantial and probative character to support the findings and judgment, they are controlling upon the reviewing court and will not be disturbed, even though the evidence is conflicting and the appellate court might have reached a different conclusion therefrom." 3-B Tex.Jur. 457, Appeal and Error, § 94.

In connection with appellant's points we have read and considered the statement of facts, but have concluded that an exhaustive review of the evidence contained therein would be of little benefit to the profession. In our opinion, the findings of the court below are supported by the evidence, and they are accordingly adopted as the findings of this Court. The decided cases having particular application to the factual situation involved in this litigation will, however, be briefly mentioned.

As above pointed out, the trial judge found that the area in the vicinity of the proposed slaughter house was primarily devoted to residential purposes. Many homes had been erected and further construction was contemplated. In Sitterle v. Victoria Cold Storage Co., Tex.Civ.App., 33 S.W.2d 546, 549, this Court held that a slaughter house when located in the midst of a populous district may be regarded as a nuisance, " 'on account of the noxious vapors and noisome smells and stenches emitted therefrom.' " This holding is supported by numerous citations of authority set forth in the opinion cited. In the present case, the appellant did not rebut the prima facie case made by appellees, when they introduced evidence to show that the area was devoted to residential purposes and that in all probability undesirable results would take place by reason of the operation of a slaughter house at the proposed location. The fact that the slaughter house was not in actual operation at the time the suit was filed is not fatal to appellees' claim to injunction. From the evidence it can reasonably be inferred that the operation of a slaughter house upon the premises in question will necessarily result in damage to the appellees. The rules of law applicable to an injunction prior to actual construction or operation of the agency alleged to be offensive, have recently been discussed by us in the case of Orsinger v. Schoenfeld, Tex.Civ.App., 269 S.W.2d 561. See, also, Huff v. Letsinger, Tex.Civ.App., 7 S.W.2d 181.

Having concluded that the evidence supports the trial court's findings, and that such findings in turn support the judgment rendered, it is accordingly ordered that the judgment appealed from be and the same is hereby affirmed.