**Chet O. NICHOLS, Appellant,**

v.

**C. D. SIMPSON, Appellee.**

No. 13263.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 11, 1957.

Rehearing Denied Jan. 8, 1958.

Joe Burkett, San Antonio, for appellant.

Archer & San Miguel, San Antonio, for appellee.

POPE, Justice.

The trial court permanently enjoined Chet Nichols, appellant, from operating and maintaining a dog kennel at 205 Mount Vernon Court, in the City of San Antonio. The case was tried without a jury, and the court concluded that the kennel constituted a nuisance. On appeal, C. D. Simpson, appellee, urges that Nichols did not timely perfect his appeal. Nichols urges that the decree, at most, should have enjoined the manner of the operation, instead of totally enjoining the operation of the kennel.

The appeal was timely. On March 15, 1957, the judge signed the judgment. On March 25, Nichols filed a motion for new trial. On May 10, the motion was first presented, and the trial court properly ruled that the motion was overruled by operation of law on May 9. The appeal bond was filed on May 28, which was within thirty days from the time the motion for new trial was overruled by operation of law. Rule 329-b, Texas Rules of Civil Procedure; Arana v. Gallegos, Tex.Civ. App., 279 S.W.2d 491.

The record reflects that Nichols was operating the kennel prior to the time the City annexed the area in which he lives and operates the kennel, and that he has continuously operated the kennel since 1941. While disputed, there is ample evidence that the dogs substantially disturb plaintiff and the neighbors by their barking and yelping during the day and night; there are noxious odors which emanate from the kennel; at times dogs breed in view of the neighbors; filth accumulates and attracts swarms of flies; and customers' cars congregate around the kennel. The kennel is located in a residence area, but several owners have sold their homes. Others have offered their homes for sale but could find no buyers because of the presence of the kennel. Tenants often move from the rental houses after the first month. The condition has severely disturbed the health

of some of the neighbors. These conditions exist with reference to plaintiff and other neighbors. There was ample proof of a nuisance.

Appellant urges that the decree should only have enjoined the manner in which he operates the kennel. At the trial, he offered no remedy for these conditions and suggested no changes for the future. His position has been that he is now operating the kennel in a clean orderly fashion. We, therefore, have a nuisance with no suggested or possible remedy which would alleviate the many undesirable features. The trial court properly ordered the abatement of the nuisance by permanently enjoining the operation of the kennel at its present location. Note, 79 A.L.R. 1067; Patton v. Carter, Tex.Civ.App., 197 S.W.2d 168.

The judgment is affirmed.