**Loran W. HILL et al., Appellants,**

v.

**Melecio VILLARREAL, Jr., et al., Appellees.**

No. 4056.

Court of Civil Appeals of Texas.

Waco.

Nov. 15, 1962.

Rehearing Denied Dec. 6, 1962.

W. R. Smith, Crawford B. Reeder, City Atty., Jack A. Efron, Asst. City Atty., Dibrell, Gardner & Dotson, San Antonio, for appellants.

Wolff & Wolff, San Antonio, for appellees.

McDONALD, Chief Justice.

This is an appeal from an order dismissing plaintiffs' suit, after plaintiffs refused to amend, following the sustaining of exceptions to plaintiffs' pleadings.

This suit was instituted by Hill and others, against Villarreal and V. & L. Products Company, to permanently enjoin defendants from operating a rendering plant located within the city limits of San Antonio, and surrounded by closely settled

residential districts of said town. The City of San Antonio intervened in the suit as a plaintiff.

■ Plaintiffs plead that defendants' rendering plant as operated constituted a nuisance; that defendants bring in and boil carcasses of dead animals; that such attracts flies, gives off offensive odors and disease germs; thereby destroying the enjoyment, comfort, health and lives of the people in the surrounding area; that such conditions proximately result from the operation of the rendering plant; that such is a continuous and permanent nuisance; that plaintiffs have no remedy at law; that the defendants were negligent in building and locating the plant under the circumstances; and plaintiffs pray for a permanent injunction abating the nuisance and enjoining the defendants from operating the rendering plant.

Defendants filed a number of special exceptions to various portions of plaintiffs' pleadings, the effect of which was to urge that plaintiffs must allege *negligent operation of the rendering plant,* to plead a cause of action against its maintenance as a nuisance.

The Trial Court sustained the exceptions, and upon plaintiffs' refusal to amend, dismissed plaintiffs' case.

Plaintiffs appeal, contending among other things that the Trial Court erred in sustaining such exceptions; dismissing the suit; and in effect holding, that plaintiffs must allege negligent operation of the rendering plant in order to plead a cause of action against the maintenance of a nuisance.

We sustain the foregoing contention. We think plaintiffs' pleadings alleged a cause of action for the abatement of a nuisance, and that it is not necessary for plaintiffs to allege negligent operation of the rendering plant. See Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615.

In the foregoing case our Supreme Court holds:

"*A business which is lawful in itself may become a nuisance either because of the locality in which it is carried on* or because it is conducted in an improper manner. * * *"

(and) "the law does not allow one to be driven from his home or compelled to live in substantial danger or discomfort even though the danger or discomfort is caused by a lawful and useful business. * * *

"In determining whether a thing or a business is a nuisance the location and surroundings are important and should be considered with other circumstances of the case. A business or industry otherwise lawful may be a nuisance because of the place where it is located or carried on, and although it is not in itself a nuisance, it may become such when it is located in a place forbidden by law *or wholly uncongenial* to its type of enterprise. 'A nuisance may be a right thing in the wrong place, like a pig in the parlor instead of the barnyard.' "

See also: King v. Columbian Carbon Co., 5th Cir., 152 F.2d 636; Marvel Wells, Inc. v. Seelig, Tex.Civ.App., n. w. h., 115 S.W.2d 1011; Soap Corp. v. Balis, Tex. Civ.App. (n. r. e.), 223 S.W.2d 957; Vera v. Davis, Tex.Civ.App. (n. w. h.), 274 S.W. 2d 739; McKee v. City of Mt. Pleasant, Tex.Civ.App. (n. w. h.), 328 S.W.2d 224.

■ The foregoing authorities clearly establish that negligence need not be alleged in order to abate the nuisance resulting from the operation of the rendering plant.

■ Moreover, plaintiffs need not seek damages in order to be entitled to injunctive relief where the nuisance complained of is of a recurring nature. Lamb v. Kinslow, Tex.Civ.App., (n. r. e.), 256 S.W.2d 903; 31 Tex.Jur. 447.

■ In view of another trial, we further hold that the City is not estopped from suing to abate the nuisance because of granting a building permit for the construction of the building. See City of Belton v. Baylor Female College, Tex.Civ.App., 33 S.W. 680; City of Ft. Smith v. Western Hide & Fur Co., 153 Ark. 99, 239 S.W. 724; Dworkin v. Town of Lakeview, Tex.Civ.App. (n. w. h.), 327 S.W.2d 351.

The judgment is reversed and the cause remanded.

Reversed and remanded.