**YOUNGBLOOD'S, INC., Appellant,**

v.

**Anton J. GOEBEL et al., Appellees.**

**No. 4491.**

Court of Civil Appeals of Texas.

Waco.

June 9, 1966.

Rehearing Denied June 30, 1966.

Strasburger, Price, Kelton, Miller & Martin, Royal H. Brin, Jr., Dallas, for appellant.

Bryan, Wilson, Olson & Stem, Waco, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Young-blood's, Inc., from a judgment against it in a nuisance case.

Seven sets of plaintiffs sued defendant for damages incurred as a result of unreasonable discomfort, annoyance and inconvenience caused by vile and noxious odors emitted from defendant's rendering plant between March 15, 1963 and October 4, 1965. Plaintiffs alleged their properties are located a few hundred yards from defendant's rendering plant where chicken entrails, blood, and feathers are cooked, and that the odors emitted escape into the atmosphere and are carried by prevailing winds onto plaintiffs' properties, proximately causing plaintiffs' damages.

Trial was to a jury which found in answer to issues submitted for each set of plaintiffs as follows:

Issue 1: "Do you find from a preponderance of the evidence, if any, that odors were, at various times between March 15, 1963 and October 4, 1965, produced from the operation of defendant's rendering plant?"

Answer: "They were", or "They were not."

*ANSWER: "They were."*

"If you have answered Issue 1 'They were,' then you will answer Issue 2; otherwise you will not answer same."

ISSUE 2: "Do you find from a preponderance of the evidence, if any, that odors from the operation of the defendant's rendering plant were, at various times between the 15th day of March, 1963 and the 4th day of October, 1965, carried by the wind in substantial quantities on to the premises of plaintiffs?

"Answer 'They were,' or 'They were not.'"

*ANSWER: "They were."*

"If you have answered the foregoing issue 'They were, then you will answer the following issue; otherwise you need not answer same."

ISSUE 3: "Do you find from a preponderance of the evidence, if any, that said odors were carried by the wind on to the premises of the plaintiffs, during said period and in such a manner and to such an extent that they constituted a nuisance? Answer 'They were,' or 'They were not.'"

*ANSWER: "They were."*

"If you have answered the foregoing issue 'They were,' then you wil answer the following issue; otherwise you need not answer same."

ISSUE 4: "Do you find from a preponderance of the evidence, if any, that the creation of said condition of nuisance by defendant naturally and proximately caused material personal discomfort, annoyance, inconvenience and loss of use and enjoyment of their home to plaintiffs? Answer 'It did' or 'It did not.'"

*ANSWER: "It did."*

"If you have answered Issue 4 'It did,' then you will answer the following issue; otherwise you need not answer same."

ISSUE 5: "What amount of money, if any, if paid now in cash, do you find from a preponderance of the evidence, if any, would reasonably compensate the plaintiffs for their material personal discomfort, inconvenience, annoyance and loss of use and enjoyment of their home and property, if any, as a result of said condition of nuisance created by defendant, if you have so found? Answer in dollars and cents."

*ANSWER: "$3000."*

The trial court entered judgment on the verdict, for $3,000 for each set of plaintiffs against defendant.

Defendant appeals on 8 points, contending:

1) The trial court erred in holding as a matter of law that the alleged nuisance was temporary; and in not submitting defendant's requested issue inquiring whether the alleged nuisance was temporary or permanent; and in allowing recovery when plaintiffs were barred by limitation.

2) The charge constitutes a comment on the weight of the evidence, in that Issues 2 and 3 assume there were odors from the defendant's rendering plant since the words *"if any"* were not placed after the word "odors" in such issues. The same complaint is made at the failure to insert the words "if any" after the word "nuisance" in Issue 4; and after the words "said condition of nuisance" in Issue 5.

■ We revert to defendant's 1st contention. Defendant's plant was built on defendant's land in September or October, 1962. Plaintiffs all live on their properties located about a mile from defendant's plant. Plaintiffs alleged that defendant's plant was permanent in its character, but that the noxious odors flow from the plant when it is in operation "and when odors escape into the atmosphere and are carried onto plaintiffs' properties by prevailing winds and other atmospheric conditions." Plaintiffs alleged the acts complained of occurred between March 15, 1963 and October 4, 1965.

The witness Gorgas testified he first smelled odors in the spring of 1963; that odor depends on direction of wind, and

comes and goes. Witness Duro testified he first smelled odor in summer of 1963; smell occurs when cooking takes place, and wind out of south. Witness Goebel first smelled odor in 1963; smelled odors on numerous occasions between March 15, 1963 and October 4, 1965; no odor when wind out of north. Witness Stewart testified she first smelled odor in April, 1963; smelled odor when wind out of south 3 or 4 times a week. Witness Mrs. Goebel first smelled odor in spring of 1963; and when wind out of south. Witness Caldwell, an officer of defendant, testified the plant produced no offensive odor at any time. Witness Mrs. Duro first smelled odor in spring of 1963; smelled at different times when wind out of south. Witness Dobbs first smelled odor in March or April of 1963; and thereafter when wind out of south. Witness Johnson first smelled odor in spring of 1963, and when wind out of south. Witness Mrs. Gorgas first smelled when weather got warm in 1963; smelled at various times; worse when weather damp. Witnesses Hesse, Swensen and Stollenwerck went to plant and near plant at various times and smelled no odors. Witness Barns, who designed the plant, testified it made no odor after it was built in September or October, 1962; and that the installation of an odor burner in early 1965 eliminated all offensive odors.

Plaintiffs' witnesses testified after the odor burner was installed the condition improved somewhat.

Defendant's plant was a lawful undertaking and erected on defendant's lands, and did not constitute an invasion of plaintiffs' rights at the time it was built. Though the structure was permanent in character, no immediate injury arose, and the injuries resulting were only in consequence of the intervention of the wind and atmospheric conditions.

In such situation the nuisance is temporary and the cause of action does not accrue until the injury is sustained. Austin & N. W. Ry. v. Anderson, 79 Tex. 427, 15 S.W. 484; Parsons v. Uvalde Elec. Light Co., 106 Tex. 212, 163 S.W. 1, L.R.A.1916E, 960; Baker v. City of Ft. Worth, 146 Tex. 600, 210 S.W.2d 564, 5 A.L.R.2d 297. Trinity Portland Cement Co. v. Horton, C.C.A., Er. Dis., 214 S.W. 510.

Plaintiffs' allegations and the proof establishes as a matter of law, that the nuisance is temporary. Plaintiffs' cause of action accrued when plaintiffs first sustained injury, and was not barred by limitation.

Defendant's 2nd contention is that the omission of "if any" in Issues 2, 3, 4 and 5, which were conditionally submitted, constitutes a comment on the weight of the evidence.

Under the record we think the form of submission, if error, harmless. Rule 434 Texas Rules of Civil Procedure.

All defendant's points and contentions are overruled.

Affirmed.