Sonny ELLEN, Appellant,

v.

CITY OF BRYAN et al., Appellees.

No. 4540.

Court of Civil Appeals of Texas.

Waco.

Dec. 22, 1966.

Rehearing Denied Jan. 12, 1967.

Sam Houston Clinton, Jr., Austin, for appellant.

John M. Lawrence, III, W. C. Davis, Bryan, for appellees.

## OPINION

TIREY, Justice.

The city of Bryan brought this action against Sonny Ellen to abate a nuisance occasioned by the operation of a chicken and egg farm within the city limits of Bryan. The court permitted some thirty-six resident citizens in the area to file pleas of intervention. The court overruled defendant's plea in abatement and his motion to strike the pleas of intervention, as well as a motion for continuance and a motion for severance. The jury in its verdict found substantially: (1 and 2) That the odors escaping from the poultry operations of defendant have continued in substantial amounts sufficient to pollute the atmosphere in the vicinity of the operation, and that such odors, fumes or stenches are a proximate cause of material personal discomfort and annoyance to those persons residing in the vicinity of defendant's poultry operations; (3) But found in issue three that flies or mosquitoes did not breed on the property in substantial numbers or quantities so as to infest the vicinity of defendant's operation; (5) That the *noxious odors arising from defendant's operations will be temporary.*

The court granted plaintiff and intervenors' motions for judgment and decreed that defendant's agents and employees be enjoined from operating any poultry or egg business on the property in the city of Bryan and in which his operation is now located, and decreed that the nuisance be abated and the operation terminated with the qualifications and provisions that defendant remove all poultry fecal substances and any and all sources of noxious odors from the property involved. The court further decreed that the defendant and his agents be allowed a period of sixty days from the date of the judgment to comply with the foregoing injunction, except that the obvious unsanitary conditions referred to in the judgment be removed immediately, and that the foregoing conditions be complied with and satisfied prior to the sixty-day term of the period here named. The court further decreed that defendant be permitted to resume his poultry and egg business at the present location upon presenting in open court after due notice satisfactory proof that he had constructed and placed the necessary facilities and equipment upon the property to dispose of the accumulation of filth and any other source of noxious and offensive odors, and present proof that the nuisance complained of will not occur in either wet or dry weather, and further provided that the facilities, equipment and modes of operation shall meet approval and recognized standards of sanitation, incineration and disposal of the sources of such odors and stenches in similar locations, to the end that the nuisance complained of will be permanently abated. The court further decreed that violation of any of the terms of the injunction will subject the defendant and those persons acting for him to the pains and penalties of contempt of court, and in such event of violation the sheriff of Brazos County, with the assistance of the lawfully constituted officers of the city of Bryan, shall be empowered to carry out and enforce the terms of said judgment. It further provided that defendant shall allow periodic inspections of the property as provided by the law and ordinance. The court further decreed that it was of the opinion that an emergency existed and ordered said judgment be literally and timely complied with for the accomplishment of speedy, certain and unconditional relief in that area. It further decreed that said judgment be final, and any and all further relief prayed for by any party is expressly denied and overruled.

Defendant excepted to the judgment and gave notice of appeal to this court. The judgment was entered on the 18th day of

April, 1966, and on the 25th day of April defendant filed his motion for new trial. The pertinent parts of this motion are that the court erred: (1) In overruling defendant's plea in abatement; (2) In overruling defendant's motion for a continuance; (3) In overruling defendant's motion for change of venue; and (4) In overruling defendant's motion to strike the petition in intervention and for severance of the two actions. The motion was not amended and was overruled by operation of law. Thereafter, on the 18th day of June, the city of Bryan presented its motion to have Sonny Ellen held and punished in contempt of court because he had violated the provisions of the judgment heretofore entered. After due notice and hearing the court entered its judgment for contempt on June 21, 1966. That order decreed that defendant be held in contempt of court and be fined $100.00, and be imprisoned in the county jail of Brazos County for a period of three days, and further imprisoned until he purged himself of the contempt under the terms of the judgment entered on April 18, 1966. The order then directed the Sheriff of Brazos County to abate the nuisance and provided specifically therefor and directed the Sheriff how to carry out the order of the court. There is no appeal from the judgment of contempt.

Appellant's Point 1 is that the court erred in overruling his motion to strike plea of intervention and thereafter rendering judgment based on the plea of intervention rather than relegating intervenors to their legal remedy for damages. We overrule this point for reasons hereinafter stated.

■ First of all, the plea of intervention merely adopted the City of Bryan's pleadings, and made such pleadings a part of that plea and did not ask for any damages. The plea of intervention raised no new issues to be passed upon by the court, and each of the intervenors resided in the area affected by the alleged nuisance, and each intervenor could have been called by the city as a witness to the condition there exist-

ing by reason of defendant's operation. It is our view that the allowance of the plea of intervention was within the discretion of the trial court, and we think no abuse was shown, because the evidence of the intervenors was cumulative of the city's contention in this cause. See First McDonald Texas Civil Practice, 395 and 44 Tex.Jur.2d 192, and McDonald Civil Practice 2d 398. See also Rule 434 Texas Rules of Civil Procedure.

Appellant's Second Point is that the court erred in entering judgment enjoining continuation of the operation of appellant's business on a jury finding that the odoriferous condition was temporary. We overrule this point. In 41 Tex.Jur.2d 637, we find this statement:

"* * * where the nuisance is of a recurring nature, an action at law is not an adequate remedy, because damages could be recovered only to the time of the bringing of the action, and a multiplicity of suits would be necessary."

■ This court, in Lamb v. Kinslow, 256 S.W.2d 903, March 26, 1953, n. r. e., said:

"It is further our view that the nuisance here complained of is of a recurring nature and that injunction will lie irrespective of legal remedy at law."

See 31 Tex.Jur. 447. We think that is the exact situation here. In other words, if appellant saw fit to bring the chickens back and continue the operation as he was doing at the time the city filed its suit, the nuisance would reoccur. (He was keeping approximately 15,000 hens in his operation). See also Landwer v. Fuller, Tex.Civ.App., 187 S.W.2d 670; Youngblood's Inc. v. Goebel, Tex.Civ.App., 404 S.W.2d 617, Waco, 1966, n. r. e.; Central Hide and Rendering Co. of Wichita Falls v. Storey, Tex.Civ.App., 223 S.W.2d 81; Storey v. Central Hide & Rendering Co., 148 Tex. 509, 226 S.W.2d 615, 1950 Sup.Ct.

■ This court, in Ballenger v. City of Grand Saline, 276 S.W.2d 874, 1955, no writ

history, held in effect that a nuisance is public when it is one which disturbs or injures the inhabitants of an entire community, or a considerable portion thereof. Citing 31 Tex.Jur. 413, Sec. 4; 39 Amer.Jur. 284, et seq., Secs. 7–10; and 66 C.J.S. Nuisances § 2, p. 730, et seq., and authorities. This record shows that a substantial area of the city of Bryan was affected by the alleged nuisance.

In the Ballenger case the court pointed out that Art. 1015 of Vernon's Texas Civ. Stats. empowered the governing body of a city or village to abate all nuisances which may injure or affect the public health or comfort in any manner it may deem expedient. See points 1, 3 and 4 of said opinion.

■ In the case of Hill v. Villarreal, Tex. Civ.App., 362 S.W.2d 348, 1962, n. w. h., this court held in effect that plaintiff need not seek damages, but is entitled to injunctive relief where the nuisance complained of is of a recurring nature, and further held that negligence is not required. It is obvious, here, that the only effective remedy would be an injunction. See also Nichols v. Simpson, Tex.Civ.App., 308 S.W.2d 613, San Antonio 1957, n. r. e.

The case before us here is one where the nuisance is in a municipal area and the judgment of the court in this cause is not absolute and unconditional, but on the contrary it gives the appellant the right to continue his operation, when he can do so without creating a nuisance.

■ Point 4 is that the court erred in overruling plea in abatement, and thereafter in rendering judgment based on petition of the city of Bryan, since the alleged nuisance is not claimed or shown to be a public nuisance, but purely private in nature. Since the nuisance was of a recurring nature, we think that we have said in answer to points 1 and 2 is applicable to point 4, and it is overruled.

■ Point 5 is that the court erred in overruling appellant's motion for a continuance. We overrule this contention. Pertinent to this contention, the application for continuance alleged: " * * * that he cannot safely go to trial in said cause because a petition in intervention has been filed by numerous parties herein on April 11, 1966, said parties asking for a permanent injunction to prohibit defendant from conducting business upon his property as he had hitherto; that defendant has had insufficient time to investigate the allegations and contentions in such petition which materially affect his livelihood and the conduct of his business and the outcome of this litigation." No testimony was offered by appellant on his application for continuance. Under the record before us it was merely called to the attention of the court, and it was overruled. Under the foregoing conditions we think that the application failed to meet the tests as provided in Rules 251 and 252, T.R.C.P. See also Wilemon v. State, Tex.Civ.App., 385 S.W.2d 573, reversed by Supreme Court on other grounds, 393 S.W.2d 816. See also opinion of this court, Citizens' Mutual Life Ins. Ass'n v. Miles, 77 S.W.2d 717, 1934, opinion by Justice Alexander, n. w. h., points 1 and 2. There is nothing in the record to indicate any prejudice was shown by failure of the court to grant a continuance, and we think it was not an abuse of the court's discretion. See statement and authorities under point 1.

■ Point 3 is not raised in appellant's motion for new trial. See Rules 320, 321, 322 and 374, T.R.C.P.; Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887, Dec. 1960. This rule has not been changed or modified.

Accordingly, the judgment of the trial court is affirmed.